■ In the Matter of MICHAEL PHILLIPS, Appellant, v. NEW YORK STATE BOARD OF PAROLE et al., Respondents.— Judgment unanimously reversed and matter remitted to Supreme Court, Cayuga County to grant relief in accordance with the following memorandum: Petitioner appeals from a denial without a hearing of his application in an article 78 proceeding for an order compelling respondent to state his reasons for withholding his parole. His petition was denied on the ground that the parole board's action was within its sound discretion and not judicially reviewable. In *Matter of Cummings* v. *Regan* (45 A D 2d 222, 224) we stated: " We hold that due process considerations as well as the public policy in this State require that a meaningful statement of reasons be furnished to every applicant who has been denied parole release in the exercise of discretion delegated to the Board of Parole." We continued (p. 226): " nevertheless the dictates of fundamental fairness and minimal due process require at least the disclosure of reasons when parole is denied [citations omitted]." In *United States ex rel. Johnson* v. *Chairman N. Y. S. Bd. of Parole* (363 F. Supp. 416, affd. 500 F. 2d 925) the District Court stated (p. 418): " Effective judicial review to assure that the prisoner is not denied his conditional 'rights' without due process, however, requires a statement of the ground of any decision denying parole, for only in that way can the reviewing court determine whether or not the decision is without foundation in fact, or is discriminatory, or is infected by reference to factors that may not properly be considered." In affirming, the Second Circuit Court (p. 930) wrote: " However, unless and until the Board (1) discloses the release criteria observed by it and the factors considered by it in determining whether these criteria are met, and (2) states the grounds for denial of parole in each case where it is denied, the prisoner, the community and a reviewing court are left in the dark as to whether it applied permissible criteria, considered relevant factors and acted rationally rather than pursuant to whim and caprice in any given case." The judgment of Special Term should be reversed and the matter should be remitted to Cayuga Special Term for appropriate action. (Appeal from judgment of Cayuga Special Term in article 78 proceeding.) Present — Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.